UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | | |
|---|---|---|
| MARCUS STOVALL | ) | |
| | ) | |
| v. | ) | 1:12-cv-377\1:02-cr-32 |
| | ) | *Judge Curtis L. Collier* |
| UNITED STATES OF AMERICA | ) | |

## **MEMORANDUM**

Marcus Stovall ("Stovall") has filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 (Criminal Court File No. 32). Relying upon *Missouri v. Frye,* 132 S.Ct. 1399 (2012) (noting that its discussion involved an "application of *Strickland* to the instances of an uncommunicated, lapsed plea"), and *Lafler v. Cooper*, 132 S.Ct. 1376 (2012)(noting that "[t]he question for this Court is how to apply *Strickland's* prejudice test where ineffective assistance results in a rejection of the plea offer and the defendant is convicted at the ensuring trial"), Stovall, as the Court discerns his confusingly pled claim, challenges his conviction and sentence contending counsel's erroneous advice and misrepresentation of the consequences of going to trial caused him to plead guilty rather than go to trial, thus denying him his Sixth Amendment right to effective assistance of counsel.

After reviewing the record and the applicable law, the Court concludes Stovall's motion under 28 U.S.C. § 2255 will be **DENIED** as time-barred by the applicable one-year statute of limitations (Court File No. 32).

**I.  Background**

On March 12, 2002, a federal grand jury sitting in Chattanooga, Tennessee returned a Six Count Indictment against Stovall (Criminal Court File No. 10). Stovall pleaded guilty to Court Four of the indictment which charged him with possession with intent to distribute 50 grams or more of

a mixture or substance containing cocaine base (crack) in violation of 21 U.S.C. § 841(a)(1) (Criminal Court File Nos. 19-Ctrm Minutes; 20-Plea Agreement).

Stovall was sentenced to 240 months imprisonment in the custody of the United States Bureau of Prisons (Criminal Court File Nos.22, 24). Stovall did not pursue a direct appeal. Stovall filed this instant § 2255 motion on November 8, 2012 (Criminal Court File No. 32).

## II. Statute of Limitations

Pursuant to the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), there is a one-year statute of limitation for filing a § 2255 motion. *See* 28 U.S.C. § 2255. The statute of limitations in Stovall's case began to run from the date on which his judgment of conviction became final. 28 U.S.C. § 2255(f)(1). When a § 2255 movant does not pursue a direct appeal to the court of appeals, his conviction becomes final on the date on which the time for filing such appeal expired. *Sanchez-Castellano v. United States*, 358 F.3d 424, 425 (6th Cir. 2004). Stovall's judgment was entered on October 29, 2002, and, at that time, Fed. R. App. P. 4(b)(1)(A) provided that a notice of appeal had to be filed within had ten (10) days after entry of the judgement from which he wished to appeal. Rule 26(a) of the Federal Rules of Appellate Procedure provided that weekends and holidays were not counted in calculating the ten-day period. Therefore, under these rules, Stovall had until November 14, 2002, to file a notice of appeal, and the one-year statute of limitations began to run on November 15, 2002, the day after the expiration of the time for filing a notice of appeal.

Thus, Stovall was required to file his § 2255 motion on or before November 13, 2003. A motion filed by a prisoner is deemed filed when given to the prison authorities for mailing. *In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997), (citing *Houston v. Lack*, 487 U.S. 266, 270-71 (1988)). According to Stovall's envelope, he gave prison authorities his motion for mailing November 8,

2

2012, which is almost nine (9) years after the expiration of the one-year statute of limitation for filing his § 2255 motion (Criminal Court File No. 32, Attachment 2). Therefore, Stovall's § 2255 motion is time-barred by the statute of limitations (Criminal Court File No. 32).

## III. Later Date for Commencement of One-Year Statute of Limitations

Stovall asserts a later date for the commencement of the one-year statute of limitation period applies in his case. Relying on the Supreme Court's decision in *Missouri v. Frye,* and *Lafler v. Cooper*, Stovall submits that the one year statute of limitations in his case began to run on March 21, 2012, the date on which the Supreme Court rendered these decisions. For the reasons explained below, Stovall's reliance on *Frye* and *Lafler* to extend the one year statute of limitation in his case, is misplaced.

### A. Title 28 U.S.C. § 2255(f)(3)

The one-year limitation period commences on the latest of one of the four dates set forth in Title 28 U.S.C. § 2255(f). As discussed above, normally the date would be the date the movant's judgement became final. 28 U.S.C. § 2255(f)(1). However, the statute of limitations may also commence from "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review[.]" 28 U.S.C. § 2255(f)(3). Stovall contends § 2255(f)(3) applies based on the Supreme Court's March 21, 2012, decisions in *Missouri v. Frye* and *Lafler v. Cooper*. Section 2255(f)(3), however, is inapplicable because the United States Supreme Court has not held either of these two cases constitute both a new rule and a rule retroactively applicable to cases on collateral review.

Indeed, neither the *Frye* or *Lafler* case constitute a new rule as they merely applied the Sixth Amendment right to effective assistance of counsel claims according to the test first articulated in *Strickland v. Washington,* 466 U.S. 668 (1984) and established in the plea bargaining context in *Hill v. Lockhart*, 474 U.S. 52, 57 (1985). Since *Frye* and *Lafler* were decided, it appears the courts addressing this issue have held that neither case created a new constitutional right to be applied retroactively. *See e.g., United States v. Lawton*, 2012 WL 6604576, at *3 (10th Cir. Dec. 19, 2012) (neither case announced a newly recognized right); *Buenrostro v. United States,* 697 F.3d 1137 (9th Cir. 2012) (neither *Frye* nor Lafler decided a new rule of constitutional law); In *re King,* 697 F.3d 1189 (5th Cir. 2012) (per curiam) (denying authorization to file successive § 2254 petition noting "that *Cooper* and *Frye* did not announce new rules of constitutional law because they merely applied the Sixth Amendment right to counsel to a specific factual context"); *Hare v. United States*, 688 F.3d 878, 879 (7th Cir. 2012) (noting these decisions were merely an application of the *Strickland v. Washington* and *Hill v. Lockhart* tests as the Supreme Court "repeatedly and clearly spoke of applying an established ruled to the present facts); *In re Perez*, 682 F.3d 930, 933 (11th Cir. 2012) ("*Lafler* and *Frye* are not new rules because they were dictated by *Strickland*"). Instead, the courts addressing the claims have consistently held that those cases merely applied *Strickland v. Washington* and *Hill v. Lockhart* to a particular set of circumstances i.e., the obligation of defense counsel to advise a defendant of a plea offer (*Frye*) and the obligation of defense counsel to effectively advise a defendant to go to trial (*Lafler*). To demonstrate either of these cases apply here, in the posture of collateral review, as Stovall finds himself, he must demonstrate the case identified a newly recognized right and that the newly recognized right has been made retroactively applicable to cases on collateral review in order to obtain relief here. 28 U.S.C. § 2255(f)(3). Stovall has done

4

neither. Specifically, the Supreme Court did not expressly state whether its ruling constituted a new right and there is nothing to indicate, and Stovall has not shown, that the case is retroactively applicable to section §2255 motions.

In the absence of any Supreme Court or Sixth Circuit decision concluding *Lafler* or *Frye* is retroactively applicable to cases on collateral review, the Court declines to find that any rule that may have been established in either of these two cases is a new procedural rule which applies retroactively to this section 2255 motion. Accordingly, the timeliness of Stovall's § 2255 motion is not governed by § 2255(f)(3) and, therefore, is time-barred.

**B.    Equitable Tolling**

Although Stovall has not raised equitable tolling, out of an abundance of caution, the Court also concludes nothing in the record supports a finding that Stovall is entitled to equitable tolling of the one-year statute of limitations

The one year statute of limitation applicable to § 2255 motions is subject to tolling. *Solomon v. United States*, 467 F.3d 928, 935 (6th Cir. 2006) (applying equitable tolling to § 2255 motion). Equitable tolling, however, is applied sparingly. *Griffin v. Rogers*, 399 F.3d 626, 635 (6th Cir. 2005). The Supreme Court has instructed that, to be entitled to equitable tolling, a habeas petitioner must show: "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary

circumstance stood in his way' and prevented timely filing." *Lawrence v. Florida*, 549 U.S. 327, 336 (2007) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)).

Although Sixth Circuit case law does permit the invocation of the doctrine of equitable tolling to toll the one-year limitation period applicable to habeas petitions under certain

5

circumstances, *Hall v. Warden, Lebanon Correctional Insti*. 662 F.3d 745, 749 (6th Cir. 2011), to

qualify for equitable tolling, a prisoner must show that he pursued his rights diligently and that some extraordinary circumstance stood in his way. *Holland v. Florida*, 130 S.Ct. 2549, 2560 (2010).

Stovall bears the burden of showing he is entitled to equitable tolling. *McClendon v. Sherman*, 329 F.3d 490, 494 (6th Cir. 2003). The doctrine of equitable tolling is used sparingly and, typically, is applied "only when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control." *Jurado v. Burt*, 337 F.3d 638, 642 (6th Cir. 2003); *see also Lawrence v. Florida*, 549 U.S. at 1085 (equitable tolling is warranted only where petitioner diligently pursued his rights and some extraordinary circumstance stood in his way and prevented timely filing). Stovall has failed to make either the diligent or extraordinary circumstance showing, and the record indicates Stovall is unable to make either showing. Accordingly, equitable tolling is not applicable here.

**IV. Conclusion**

Based on the foregoing reasons, Stovall's § 2255 motion to vacate, set aside, or correct his sentence will be **DENIED** as time-barred and this action will be **DISMISSED** (Criminal Court File No. 32).

SO ORDERED.

ENTER:

/s/
**CURTIS L. COLLIER**
**UNITED STATES DISTRICT JUDGE**